UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| JASON LAMONT SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-0080 AS |
| ) | |
| COLUMBIA CITY POST & MAIL, ) | |
| ) | |
| Defendant. ) | |

*MEMORANDUM AND ORDER*

Jason Smith, a prisoner confined at the Whitley County Jail, submitted a complaint under 42 U.S.C. § 1983, alleging that the *Columbia City Post & Mail*, a newspaper published in Columbia, Indiana, defamed him. Federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 322 (1989). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989), *cert. denied*, 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez*, 504 U.S. at 32, 112 S.Ct. at. A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d. 1025 (7th Cir. 2000).

Mr. Smith brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state

law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Smith alleges that the *Columbia City Post & Mail* violated his federally protected rights by defaming. According to the complaint, on the *Columbia City Post & Mail* published an article about Mr. Smith containing false information about his arrest by Indiana State Police Officers.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961). A privately operated news publication generally does not "act under color of state law," and the facts presented in this action do not suggest that the *Columbia City Post & Mail* acted "under color of state law" when it published a news article about Mr. Smith.

Moreover, even if the *Columbia City Post & Mail* acted under color of state law, Mr. Smith states no claim against it. Under § 1983, a plaintiff, in addition to showing that the defendant is a state actor, must allege violation of rights secured by the Constitution and

2

laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Gomez v. Toledo*, 446 U.S. 635, (1980). Section 1983 is not itself a source of substantive rights, but merely provides a method to vindicate federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266 (1994). Defamation states no claim upon which relief can be granted under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Bone v. Lafayette*, 919 F.2d 64 (7th Cir. 1990).

For the foregoing reasons, the court **DISMISSES** the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice to the plaintiff's right to bring a an action against the defendant in state court.

**IT IS SO ORDERED.**

**ENTERED**: April 15, 2005

                                              s/ ALLEN SHARP
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**